IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANGIE R. MEYER | § | |
| v. | § | CIVIL ACTION NO. 6:03cv487 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The above-entitled civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie pursuant to 28 U.S.C. § 636. Having received the Report and Recommendation of the United States Magistrate Judge, and having made a *de novo* review of the objections filed by the Plaintiff, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Plaintiff submits that the ALJ did not properly take into consideration the treating physician's responses to interrogatories wherein he responded "yes" when asked whether Plaintiff needs the opportunity to change positions at will, i.e., from sitting to standing or walking, including the need to move around even if it means being away from a work station, and opined that Plaintiff is likely to be absent from work more than four days per month. The ALJ concluded that Plaintiff has the residual functional capacity for light work activity, reduced by a requirement that she must be permitted to sit or stand at her own will. Plaintiff asserts that the ALJ implicitly rejected Dr. Randle's opinion that she also needs to move around at times and that she is likely to miss work more than four days per

month. Plaintiff submits that the ALJ did not apply the appropriate legal standard for rejecting the treating physicians opinions as established by 29 C.F.R. § 404.1527(d), Social Security Ruling 96-2p, and *Newton v. Apfel*, 209 F.3d 448 (5th Cir.2000).

To succeed in achieving a reversal or remand on the basis that the ALJ rejected a treating physician's opinions and failed to follow 29 C.F.R. § 404.1527(d) and Social Security Ruling 96-2p in explaining his reasoning, Plaintiff must show both error and some resulting prejudice. *Mettlen v. Barnhart*, 2004 WL 362264 (5th Cir.2004) (citing *Newton v. Apfel*, 209 F.3d at 458); *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981). Plaintiff relies heavily on the *Newton* case for her argument that the ALJ failed to give proper weight to the treating physician's opinion that she needs to be able to move around, even if it means leaving her work station, and that she is likely to miss more than four days of work per month. In *Newton*, the ALJ rejected a treating physician's opinion that the claimant could not perform sedentary work, even though there was no competing first-hand medical evidence. *Newton v. Apfel*, 209 F.3d at 455.

In this case, the ALJ did not reject the treating physician's opinion regarding the level of work activity that Plaintiff could perform, as the ALJ did in *Newton*. Here, the ALJ determined that Plaintiff is a younger individual with a high school education and a residual functional capacity for light work activity, reduced by a requirement that she must be permitted to sit or stand at her own will and that she could only occasionally stoop and crouch. The only opinion of Dr. Randle that was explicitly rejected by the ALJ was Dr. Randle's conclusory opinion that Plaintiff is "disabled." Dr. Randle's statement that Plaintiff may need to "move around" is not specific and it is not clear at all from the ALJ's decision that this opinion was in fact rejected, as asserted by Plaintiff. There is no indication that a finding of a residual functional capacity for light work, with the ability to sit or stand at will, would not implicitly include the ability to occasionally "move around." In addition, Dr. Randle's statement that Plaintiff would likely miss four days of work per month is not entitled to deference

because it is conclusory and there is nothing in the record, in the form of clinical or laboratory findings, to support that conclusion. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985).

The Court hereby adopts the Report and Recommendation as the findings and conclusions of the Court and finds that there is substantial evidence in the record to support the Commissioner's finding. It is therefore,

**ORDERED** that the above-styled case shall be and is hereby **DISMISSED** with prejudice**.** All motions by either party not previously ruled on are hereby **DENIED**.

 **So ORDERED and SIGNED this 21st day of April, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**